UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES COURI,

Plaintiff,

v.

GEORGE PAVIA, ESQ., ET AL.,

Defendants.

19 Civ. 5436 (KPF)

**ORDER OF DISMISSAL**

KATHERINE POLK FAILLA, District Judge:

Plaintiff James Couri brings this *pro se* case, for which the filing fee has been paid, alleging that Defendants violated his constitutional rights. For the reasons stated below, the Court dismisses the complaint with leave to replead within 30 days of the date of this Order.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald* v. *First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay* v. *INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard* v. *United States*, 633 F.2d 599, 609 n. 11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas* v. *Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam); *see also Perez* v. *Ortiz*, 849 F.2d 793, 797

(2d Cir. 1988); Charles A. Wright & Alan R. Miller, *Federal Practice and Procedure* § 1357, at 301 & n.3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo* v. *I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff's 436-page complaint is not short and plain, and therefore fails to comply with Rule 8. The Court has closely scrutinized Plaintiff's lengthy complaint, and despite the great amount of information that Plaintiff presents, the Court is unable to understand what claims Plaintiff is trying to assert. The Court therefore dismisses the complaint for failure to state a claim.

Even if Plaintiff's complaint does state any valid claims, his complaint suffers from other deficiencies. Among the Defendants Plaintiff names are state-court judges, district attorneys, assistant district attorneys, and private attorneys. Plaintiff cannot bring federal claims against any of these Defendants. Furthermore, because Plaintiff also seeks to challenge the actions of these Defendants in Kings County (Brooklyn), Riverside County (California), and Greene County (Missouri), venue for such claims is not proper in this Court. Moreover, any challenge that Plaintiff seeks to bring with respect to judgments rendered in state court, such challenges are barred by the *Rooker-Felman* doctrine.

Additionally, despite Plaintiff's assertion that he brings these claims under the civil provision of the Racketeering Influenced and Corrupt

Organizations Act (RICO), 18 U.S.C. § 1961(c), he fails to state a claim that Defendants acted as an enterprise or engaged in any racketeering activity.

## DISCUSSION

### A. Civil RICO Claim

To state a civil RICO claim, Plaintiff must plead that he was injured by "[i] conduct [ii] of an enterprise [iii] through a pattern [iv] of racketeering activity." *See Sedima, S.P.R.L.* v. *Imrex Co.*, 473 U.S. 479, 496 (1985). The complaint does not suggest that any such activity took place. Accordingly, the Court dismisses Plaintiff's RICO claims for failure to state a claim.

Plaintiff also cannot initiate the arrest and prosecution of any individual or entity in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke* v. *Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc.* v. *Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

### B. Judicial Immunity

Any claims that Plaintiff wishes to assert against state-court judges must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles* v. *Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven* v.

*Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation[.]" *Young* v. *Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump* v. *Sparkman*, 435 U.S. 349, 356 (1978).

**C. Prosecutorial Immunity**

Plaintiff's claims against district attorneys and assistant district attorneys must also be dismissed. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon* v. *City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler* v. *Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley* v. *Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that

"looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp* v. *Goldstein*, 555 U.S. 335, 344 (2009).

**D. Private Defendants**

Plaintiff's claims against the private attorneys must also be dismissed. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes* v. *Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad.* v. *Tenn. Secondary Sch. Athletic Ass'n*,531 U.S. 288, 295 (2001)); *see also Ciambriello* v. *Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas* v. *Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes* v. *S.H Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon* v. *Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty.* v. *Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel* v. *Abramson*,

232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

**E. *Rooker-Feldman* Doctrine**

Moreover, federal courts lack subject matter jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.* v. *Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine — named for *Rooker* v. *Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals* v. *Feldman*, 460 U.S. 462, 482-86 (1983) — applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck* v. *Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, Plaintiff can be understood as complaining that the state-court decisions violate his rights. If so, then Plaintiff's claim is for an injury "caused by the state-court judgment." *Exxon*, 544 U.S. at 284. Plaintiff cannot ask this Court to review and reject the state-court decisions.

**F. Venue**

Under the general venue provision, a civil action may be brought in:

> [i] a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [ii] a judicial district in which a substantial part of the events or omissions giving rise to

> the claim occurred . . . ; or [iii] if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(l). And "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 139l(c)(2).

To the extent that Plaintiff asserts that his rights were violated in Kings County (Brooklyn), Riverside County (California), and Greene County (Missouri), this Court is likely not an appropriate venue under § 1391(b)(1) or (2) to consider his claims.[1] Because the Court finds that Plaintiff fails to state a claim, the Court declines to transfer these claims in the interest of justice.

**G. Litigation History**

Plaintiff is not a stranger to this Court. A review of the Public Access to Court Electronic Records (PACER) system reveals that from April 24, 1992, through December 2, 1998, Plaintiff filed 14 actions in this Court, 11 of which were notices of removal, wherein Plaintiff sought to remove actions from state

---

[1] Plaintiff has not stated that any Defendants with respect to his claims reside in this District or any other reason why this Court is an appropriate venue for these claims. *See* 28 U.S.C. § 1391(b)(1), (2).

court. *See Couri* v. *Oxford Health Plans*, No. 98 Civ. 8498 (DAB) (S.D.N.Y. Dec. 8, 1998) (dismissing notice of removal voluntarily without prejudice); *Couri* v. *Upton, Cohen & Slamowitz*, No. 98 Civ. 7682 (SAS) (S.D.N.Y. Nov. 24, 1998) (dismissing notice of removal without prejudice and without costs to any party); *Couri* v. *Hausman*, No. 98 Civ. 3495 (SS) (S.D.N.Y. June 23, 1998) (dismissing notice of removal voluntarily); *Couri* v. *Andelson*, No. 98 Civ. 1298 (SS) (S.D.N.Y. June 23, 1998) (dismissing notice of removal voluntarily with prejudice and without costs); *Couri* v. *Bragg*, No. 96 Civ. 0522 (LAK) (dismissing notice of removal voluntarily with prejudice); *Couri* v. *Fisher*, No. 95 Civ. 5530 (BDP) (S.D.N.Y. July 28, 1995) (dismissing bankruptcy appeal for failure to prosecute); *Couri* v. *Keller*, No. 94 Civ. 8480 (SS) (S.D.N.Y. Jan. 20, 1995) (dismissing action voluntarily without prejudice); *Couri* v. *Pino*, No. 93 Civ. 8320 (LAP) (S.D.N.Y. Feb. 18, 1994) (dismissing notice of removal voluntarily without prejudice); *Couri* v. *Fed. Ins. Co.*, No. 93 Civ. 7759 (LAP) (S.D.N.Y. May 25, 1994) (dismissing notice of removal voluntarily with prejudice and without costs); *Couri* v. *Berens*, No. 93 Civ. 7724 (LAP) (S.D.N.Y. Jan. 4, 1994) (dismissing notice of removal with prejudice); *Couri* v. *Town/Village of Harrison*, No. 93 Civ. 4393 (VLB) (S.D.N.Y. Dec. 23, 1993) (discontinuing case without prejudice); *Couri* v. *Couri*, No. 92 Civ. 6336 (CLB) (S.D.N.Y. Sept. 16, 1992) (dismissing notice of removal on consent, with prejudice, and without costs); *Couri* v. *Parker, Chapin, Flattau & Klimpl*, No. 92 Civ. 3484 (CLB) (S.D.N.Y. Oct. 29, 1992) (granting Defendants' motion to dismiss and granting Defendants' motion for permanent injunction); *Couri* v. *Duty Free Int'l Corp.*,

No. 92 Civ. 3484 (CLB) (S.D.N.Y. Oct. 29, 1992) (granting Defendants' motion to dismiss and granting Defendants' motion for permanent injunction).

In light of Plaintiff's litigation history, he was or should have been aware when he filed this case that some of his claims lack merit. *See Sledge* v. *Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that the Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

**H. Leave to Replead**

Second Circuit precedent is clear that "[a] pro se complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Dolan* v. *Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis* v. *Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Because the nature and viability of Plaintiff's claims are not clear, the Court grants Plaintiff leave to replead within 30 days of the date of this Order.

In the event that Plaintiff chooses to file an amended complaint, the Court strongly encourages him to ask for assistance from someone who can help him organize his thoughts and claims. If Plaintiff needs legal advice

related to this matter, he may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this Order. The amended complaint, if Plaintiff chooses to file one, should be sent to this Court's Pro Se Intake Unit.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the second amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's second amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's second amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where

such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's second amended complaint will completely replace, not supplement, the original and amended complaints, any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and note service on the docket. The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

Plaintiff's complaint is dismissed for failure to state a claim for relief. The Court grants Plaintiff 30 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this Order, caption the document as an "Amended Complaint," and label the document with docket number 19 Civ. 5436 (KPF). An Amended Complaint form is attached to this Order. If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this Order and direct the Clerk of Court to terminate this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 20, 2019
New York, New York

KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

James Couri
575 Madison Avenue
New York, New York 10022

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

________________________________________

________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

## AMENDED

## COMPLAINT

Do you want a jury trial?

☐ Yes ☐ No

________________________________________

________________________________________

________________________________________

________________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

# I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

## A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

## B. If you checked Diversity of Citizenship

### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ______________________________________, is a citizen of the State of
(Plaintiff's name)

______________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________________________.

If the defendant is a corporation:

The defendant, ____________________________, is incorporated under the laws of

the State of ____________________________________

and has its principal place of business in the State of ____________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ___________________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_______________________________________________________________________
First Name Middle Initial Last Name

_______________________________________________________________________
Street Address

_______________________________________________________________________
County, City State Zip Code

_______________________________ _______________________________
Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________________________

First Name Last Name

______________________________________________

Current Job Title (or other identifying information)

______________________________________________

Current Work Address (or other address where defendant may be served)

______________________________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________________________

Date(s) of occurrence: ______________________________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

NYLAG
NEW YORK LEGAL ASSISTANCE GROUP

Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax. The clinic cannot assist individuals while they are incarcerated, but can provide assistance to litigants once they are released from custody.

To make an appointment for a consultation, call (212) 659-6190 or come by either clinic during office hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**



**Thurgood Marshall United States Courthouse**
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

---

**The Hon. Charles L. Brieant Jr. Federal Building and Courthouse**
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
12 p.m. - 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

a beneficiary of UJA Federation of New York