UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES COURI,

                Plaintiff,

          -v.-

GEORGE PAVIA, *et al.*,

                Defendants.

19 Civ. 5436 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Plaintiff James Couri's four letters, dated July 17, 19, 20, and 22, 2019 (Dkt. #12-15), as well as his motion and supporting papers for disqualification and recusal, dated July 29 and 30, 2019 (Dkt. #17, 18, 19). In these papers, Plaintiff: (i) moves for the Court to disqualify and recuse itself from hearing Plaintiff's case; (ii) requests that he be permitted to pay the filing fee for his related notice of appeal in three installments (*see* Dkt. #10 (notice of appeal)); and (iii) requests that the Court hold a telephonic conference to discuss his case. For the reasons set forth in the remainder of this Order, the Court denies each of Plaintiff's requests.

## BACKGROUND

    Plaintiff filed his 436-page complaint on June 11, 2019. (Dkt. #1 (the "Complaint")). Broadly speaking, the Complaint alleged that Defendants had violated Plaintiff's constitutional rights as well as the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961(c). On June 21, 2019, the Court entered an Order dismissing the Complaint with leave to replead (the "June 21 Order"), finding that the Complaint: (i) failed to state a claim on which

relief could be granted; (ii) brought federal claims against certain defendants who were subject to immunity for such claims; (iii) brought claims for which venue was not proper in the Southern District of New York; and (iv) brought claims which were barred by the *Rooker-Feldman* doctrine. (Dkt. #4). The June 21 Order set forth in detail the reasons why the Court considered Plaintiff's Complaint deficient. Plaintiff was given until July 22, 2019, to file an amended complaint.

On July 1, 2019, Plaintiff requested an extension of time to file an amended complaint. (Dkt. #5). The Court granted the request, permitting Plaintiff to file an amended complaint on or before August 15, 2019. (Dkt. #6). On July 16, Plaintiff filed a motion requesting an extension of time to file a notice of appeal from the Court's June 21 Order. (Dkt. #8). The Court denied Plaintiff's motion as untimely, because no appealable final order had been entered in the case to appeal. Instead, the Court construed the request as an application for additional time to file an amended complaint, and granted Plaintiff leave to file an amended complaint on or before September 15, 2019. (Dkt. #9). On July 19, 2019, Plaintiff filed a notice of appeal from the Court's non-final June 21 Order. (Dkt. #10).

In the four letters Plaintiff sent between July 17, 2019, and July 22, 2019 (Dkt. #12-15), Plaintiff: (i) moved for the Court to recuse itself from Plaintiff's case (Dkt. #13, 17-19); (ii) requested that the Court grant him a telephonic conference to discuss his case (Dkt. #12); and (iii) requested that he

be permitted to pay the filing fee for his notice of appeal in three installments (Dkt. #13). The Court now considers Plaintiff's motion and requests.

## THE LAW REGARDING RECUSAL

Section 455(a) of Title 28 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) of this statute further requires a judge to recuse herself (i) "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," or (ii) "[w]here [s]he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." *Id.* § 455(b)(1), (3). Section 144 of Title 28 further provides that a judge shall not proceed in a matter in which he or she "has a personal bias or prejudice either against [the plaintiff] or in favor of any adverse party." 28 U.S.C. § 144.

Section 455 "sets out an objective standard for recusal, creating the so-called 'appearance of justice' rule." *DeLuca* v. *Long Island Lighting Co.*, 862 F.2d 427, 428 (2d Cir. 1988) (internal citation omitted); *see also ISC Holding AG* v. *Nobel Biocare Fin. AG*, 688 F.3d 98, 107 (2d Cir. 2012) ("This provision is to 'be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance.'" (quoting *Liteky* v. *United States*, 510 U.S. 540, 548 (1994)). Under that test, a court asks: "Would a reasonable

person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States* v. *Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (quoting *Diamondstone* v. *Macaluso*, 148 F.3d 113, 120-21 (2d Cir. 1998)).

"The [Second Circuit] has cautioned that ... the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *Barnett* v. *United States*, No. 11 Civ. 2376 (LAP), 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012) (internal quotation marks omitted) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)). More fundamentally, where the standards governing disqualification are *not* met, "disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d at 201; *see also In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse [herself] when it is not called for as [s]he is obliged to when it is."). Were it otherwise, recusal motions would become a tool for "judge-shopping" and "impeding the administration of justice." *In re Martin-Trigona*, 573 F. Supp. 1237, 1243 (D. Conn. 1983). And Section 455 "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States* v. *Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

# RECUSAL ANALYSIS

Plaintiff proffers four bases for the Court's recusal:

1. The Court's prior service as an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Southern District of New York;

2. The Court's failure to inform Plaintiff that it served as an AUSA in the United States Attorney's Office for the Southern District of New York;

3. The Court's alleged bias against law suits brought against judges;

4. The Court's husband's status as a partner at Proskauer Rose LLP, a firm at which Plaintiff says he is well-known as an adversary; and

5. The ostensible bias against Plaintiff and his claims evident from the Court's June 21 Order dismissing Plaintiff's Complaint with leave to replead.

(*See* Dkt. #12, 15, 17-19).

Central to Plaintiff's first two recusal arguments is the undersigned's prior experience as an AUSA. When Plaintiff's Complaint was assigned to it, the Court reviewed Plaintiff's allegations and determined that the undersigned was not involved in any of the conduct alleged. It also bears noting that while Plaintiff has raised a host of claims against, amongst others, state prosecutors, he has not alleged any improper conduct by federal prosecutors. Nor has Plaintiff alleged that he had any interactions with the undersigned during his involvement as a witness, informant, or whistleblower with the United States Attorney's Office for the Southern District of New York. The absence of such allegations, coupled with the Court's lack of involvement in the facts alleged, explains both why the undersigned did not affirmatively disclose her prior

5

position and why there is no basis today for the undersigned's recusal based on her prior experience as an AUSA.

In a factually analogous case, another judge in this District denied a motion for recusal predicated on that judge's prior position as an AUSA. *See McLean* v. *United States*, No. 08 Cr. 789 (RJS), 2016 WL 3910664, at *9 (S.D.N.Y. July 13, 2016) ("Samuels, however, has not articulated any bias or prejudice on the part of the undersigned — indeed, there is none — with respect to this case. Rather, Samuels has only speculated about any bias or prejudice due to the undersigned's prior position as an Assistant United States Attorney and has only proffered unsubstantiated assertions about the undersigned's views of individuals of a given nationality."), *certificate of appealability denied* (Nov. 30, 2016), *appeal dismissed*, No. 16-2702, 2016 WL 9447127 (2d Cir. Dec. 5, 2016). Other judges have similarly rejected motions for recusal where the judge, though a prosecutor in the same office, was not involved in the facts underlying the litigation. *See, e.g.*, *Baker & Hostetler LLP* v. *U.S. Dep't of Commerce*, 471 F.3d 1355, 1357 (D.C. Cir. 2006) (concluding that § 455(b)(3) "requires recusal when a judge has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy" (internal quotation marks omitted)); *Kendrick* v. *Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) ("[A]n AUSA without any involvement in a case brought by other attorneys in his office is not required to disqualify himself from presiding over such a case under 28

U.S.C. § 455(b)(3)." (collecting cases)); *United States* v. *Oluwafemi*, 883 F. Supp. 885, 893 (E.D.N.Y. 1995) (denying motion for recusal and holding that a judge who was formerly a federal prosecutor could preside over cases involving former colleagues who were still prosecutors); *cf. Williams* v. *Pennsylvania*, 136 S. Ct. 1899, 1905 (2016) ("The Court now holds that under the [Fourteenth Amendment] Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case."). It is understandable that Plaintiff would be concerned that the Court's prior employment might place it in the position of being both prosecutor and judge, or might afford it inside information regarding Plaintiff's case. As detailed above, however, those concerns are unwarranted.

*Third*, Plaintiff claims that the Court has a "published predisposition against suits involving judges and prosecutors." (Dkt. #13 at 2). As evidence of this alleged bias, Plaintiff points to an article published in the February 20, 2018 edition of the *New York Law Journal*, which quotes from an opinion the Court authored in an unrelated matter, *Zappin* v. *Cooper*, 16 Civ. 5985 (KPF), 2018 WL 708369 (S.D.N.Y. Feb. 2, 2018), *aff'd*, 768 F. App'x 51 (2d Cir. 2019) (summary order). (Dkt. #5). In that lengthy opinion, the Court applied established law governing judicial immunity, sovereign immunity, the *Rooker-Feldman* doctrine, and collateral estoppel. *Id.* The Court did not state (or even suggest) that it had a predisposition against suits brought against judges or prosecutors, nor does the undersigned harbor any such predisposition. Thus,

7

Plaintiff is mistaken that the *New York Law Journal* article establishes the need for recusal.

*Fourth*, Plaintiff argues that the Court must harbor a bias against him because the undersigned's husband is a partner at the law firm of Proskauer Rose LLP. Plaintiff claims that he has been "an adversary to Proskauer since the early-mid 1980s to the present." (Dkt. # 15 at 4). Specifically, Plaintiff says: (i) he had a relationship with the wife of one of Proskauer's clients, causing the firm to allegedly "express[] severe bitterness" towards Plaintiff; and (ii) he has had communications with lawyers at Proskauer relating to a dispute currently occurring in Missouri between Plaintiff and one of Proskauer's clients. (*Id.*). Plaintiff does not allege that the undersigned's spouse is involved in either of the matters he cites. Nor does Plaintiff claim he is involved in any disputes with Proskauer itself, or that any clients of Proskauer are involved in this proceeding. Plaintiff has not reasonably alleged that either the undersigned or her spouse has "an interest that could be substantially affected by the outcome of the proceeding." *Pashaian* v. *Eccelston Props., Ltd.*, 88 F.3d 77, 83 (2d Cir. 1996) (quoting 28 U.S.C. § 455(b)(5)(iii)). Thus, the Court concludes that recusal is not only unwarranted, but improper in this matter. Other courts that have addressed similar questions have come to the same conclusion. *See Pashaian*, 88 F.3d at 83 ("[I]t would simply be unrealistic to assume ... that partners in today's law firms invariably have an interest that could be substantially affected by the outcome of any case in which the other partner is involved."); *Six West Retail Acquisition, Inc.* v. *Sony Theatre Mgmt.*

8

*Corp.*, 97 Civ. 5499 (LAP), 2003 WL 282187, at *7 (S.D.N.Y. Feb. 7, 2003) ("I also reject plaintiff's assertion that my husband's firm's representation of other clients who have interests adverse to [him] in completely unrelated matters would influence my impartiality in this case …. The fact that my husband's law firm from time to time may represent interests adverse to the plaintiff's in matters unrelated to the one before me here is a remote, contingent, indirect or speculative concern that does not compel recusal.").

*Finally*, Plaintiff argues that the Court's adverse ruling, dismissing with leave to replead his Complaint, demonstrates the Court's prejudice against him. The law is clear, however, that "[r]ulings adverse to a party are not regarded in and of themselves as evidence of such bias or prejudice as would require recusal." *Bishop* v. *United States*, No. 04 Civ. 3633 (CSH), 2004 WL 1497690, at *1 (S.D.N.Y. July 1, 2004). The Court dismissed Plaintiff's Complaint with leave to replead not because it harbored a bias against Plaintiff and his claims or in favor of any of named Defendants, but because the Court determined that the law mandated dismissal. Plaintiff's claims that he was personally maligned by the Court's order are similarly unavailing. *See United States* v. *Carlton*, 534 F.3d 97, 100 (2d Cir. 2008).

In sum, Plaintiff has not proffered any allegations that could cause a reasonable person, knowing all of the facts, to reasonably question the Court's impartiality. *See Bayless*, 201 F.3d at 126 (quoting *Diamondstone*, 148 F.3d at 120-21). Because the standards for recusal have not been met, the Court is

9

prohibited from recusing itself from the case at this time. *In re Aguinda*, 241 F.3d at 201.

## APPEAL FEE

Plaintiff also requests that he be permitted to pay the $500.00 filing fee for his notice of appeal in three equal monthly installments. (Dkt. #13). The Court reminds Plaintiff that no final judgment has been entered in this matter, and thus no order or judgment exists from which Plaintiff may appeal. (*See* Dkt. #9). Even if Plaintiff were seeking to appeal from a final judgment, the appeal fee is due to the United States Court of Appeals for the Second Circuit, and not to this Court. The Court does not consider itself capable of modifying a litigant's obligations owed to the Second Circuit. Accordingly, Plaintiff's request is denied.

## TELEPHONIC CONFERENCE

Finally, Plaintiff requests that the Court grant him a telephonic conference in which to discuss his litigation. Plaintiff's request is denied at this time, because Plaintiff has not submitted an amended complaint to discuss and no pending motions or applications exist at this time. Plaintiff is again invited to file an amended complaint, to be filed on or before September 15, 2019. (Dkt. #9).

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's: (i) motion for recusal; (ii) request for an alternative payment plan for the appeal fee; and

(iii) request for a telephonic conference.  The Clerk of Court is directed to terminate the motion pending at docket entry 17.

SO ORDERED.

Dated: August 5, 2019
       New York, New York

                                      KATHERINE POLK FAILLA
                                      United States District Judge

*Sent by First Class Mail to:*
James Couri
575 Madison Avenue, 10th Floor
New York, New York 10022