UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES COURI, Plaintiff, -v.- GEORGE PAVIA, *et al.*, Defendants. | 19 Civ. 5436 (KPF) **ORDER** |

KATHERINE POLK FAILLA, District Judge:

On August 7, 2019, this Court ordered Plaintiff to submit no additional documents to the Court, and to have no other person or entity submit documents to the Court on his behalf, other than the amended complaint that he had been granted leave to file. (Dkt. #23). The order was necessitated by Plaintiff's decisions (i) to email to the Court, or to cause to be emailed, materials that were irrelevant to his case and (ii) to place increasingly intemperate telephone calls to Chambers. (*Id.*).

On August 23, 2019, the Court issued an order detailing Plaintiff's history of repeated and escalating noncompliance with the Court's orders. (Dkt. #27). In it, the Court provided Plaintiff with a final warning: Plaintiff was to discontinue violations of the Court's orders, including by ceasing to submit documents, and having other persons or entities submit documents, other than the amended complaint. If Plaintiff chose not to abide by the Court's orders, his case would be dismissed with prejudice. (*Id.*).

In the five days following the Court's most recent order, Plaintiff had submitted, or caused to be submitted, three emails to the Court's inbox.[1] The first email purported to attach a supplement to a grievance that Plaintiff has filed with the United States Court of Appeals for the Second Circuit concerning the handling of this case. The Court was prepared to overlook this potentially benign violation of its orders. The second email, however, served no other purpose but to register Plaintiff's disagreement with the Court's August 23 Order. And the text of the third email further registered Plaintiff's disagreement, while once again attaching Plaintiff's purported supplemental grievance document. These second and third communications plainly violate the Court's Orders of August 7 and August 23, 2019.

The Court can no longer overlook Plaintiff's refusal to comply with its orders. In deciding whether to dismiss an action under Federal Rule of Civil Procedure 37, a court should consider: "[i] the willfulness of the non-compliant party or the reason for noncompliance; [ii] the efficacy of lesser sanctions; [iii] the duration of the period of noncompliance, and [iv] whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal* v. *Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam) (internal citation omitted). Plaintiff has willfully disobeyed

---

[1] One of these emails purports to be from an entity called "Crime Inc. USA Gazette (Monaco)"; the email claims that entity is assigned reporting and investigation responsibilities for this matter. Thus, the email was sent on Plaintiff's behalf.

It is also noteworthy that each email — and, in fact, all emails the Court has received from Plaintiff, Corruption International Group Monaco, and Couri Companies — were sent from a single email account, the address of which bears Plaintiff's own name.

the Court's August 7, 2019 Order since the day it was entered. And Plaintiff was provided with an explicit warning that further noncompliance would result in dismissal of the action with prejudice. (Dkt. #27). Given Plaintiff's repeated and willful violations, the Court concludes that no lesser sanction would be appropriate. Accordingly, the Court hereby ORDERS that Plaintiff's lawsuit be dismissed with prejudice. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close the case.

SO ORDERED.

Dated: August 28, 2019
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

James Couri
575 Madison Avenue
10th Floor
New York, New York 10022